In re the MARRIAGE OF: Clifford A. BOYD, Appellant,

and

Viola Pearl Boyd, Appellee.

No. 81CA0541.

Colorado Court of Appeals, Div. III.

April 8, 1982.

LaCroix, Achziger, Skinner & Multz, P. C., Thomas R. LaCroix, Grand Junction, for appellant.

Mathis & Koonce, P. C., Stephen M. Mathis, Montrose, for appellee.

KIRSHBAUM, Judge.

Clifford A. Boyd (husband) appeals from the permanent orders entered by the trial court with respect to property division and maintenance. We affirm.

After 23 years of marriage to Viola Pearl Boyd (wife), the husband filed a petition for dissolution in November 1980. The petition sought a decree of dissolution, a determination of the property rights as provided by law, and an inquiry "into the status of the marriage." The petition also requested the trial court to "render such judgments and make such injunctive relief or other orders as are appropriate in the matter on a fair and equitable basis." The husband later

filed a motion for temporary maintenance, and the wife was ordered to pay $300 per month in temporary maintenance to the husband. Prior to the hearing on final orders, the husband's original counsel withdrew from the proceedings.

At the beginning of the March 27, 1981, hearing on final orders, the husband's new counsel indicated that he wanted "to make sure we are contemplating entertaining the issue of maintenance here, as my client would seek to have the court give maintenance." The wife's counsel objected to consideration of the maintenance issue, noting that, while the husband had requested temporary maintenance, none of the pleadings indicated that the husband also sought permanent maintenance. The trial court ruled that the husband had not properly raised the issue of permanent maintenance. The husband made no attempt to amend his petition, see C.R.C.P. 15(a), or to continue the hearing. At the conclusion of the hearing, the trial court entered an order dissolving the marriage and dividing the property.

## I.

We must determine whether the general language of the husband's petition encompasses a request for permanent maintenance. That determination involves the interplay between the requirement that the petition for dissolution shall set forth the relief sought, see § 14–10–107(2)(f), C.R.S. 1973, and the policy of liberal construction of pleadings embodied in C.R.C.P. 8. See, e.g., Berryman v. Berryman, 115 Colo. 281, 172 P.2d 446 (1946); see also § 14–10–105(1), C.R.S.1973.

■ Section 14–10–114, C.R.S.1973, indicates that maintenance must be sought to be obtained. See In re Marriage of Graham, 194 Colo. 429, 574 P.2d 75 (1978). But cf. In re Marriage of Eller, 38 Colo.App. 74, 552 P.2d 30 (1976). When § 14–10–107(2)(f), C.R.S.1973, is read in conjunction with § 14–10–114, C.R.S.1973, it becomes apparent that under the Uniform Dissolution of Marriage Act, maintenance must be requested in the petition for dissolution. Accordingly, while the husband's request in his petition might justify some form of relief, see Berryman v. Berryman, supra, under the circumstances here, especially where there was a specific request for temporary maintenance only, the allegations of the husband's petition did not constitute a request for permanent maintenance. That is, the petition did not provide fair notice to the wife that she was expected to defend against a claim for permanent maintenance. See Bryant v. Hand, 158 Colo. 56, 404 P.2d 521 (1965).

■ After the trial court denied the request of the husband's then counsel to consider the issue of maintenance at the hearing on final orders, the husband could have sought to amend his petition to include a request for permanent maintenance. C.R. C.P. 15(a); cf. Varner v. District Court, Colo., 618 P.2d 1388 (1980). However, the husband made no such request. Nor did he request a continuance to permit such amendment. In these circumstances, we conclude that the trial court did not abuse its discretion in denying the request to consider the issue of permanent maintenance.

## II.

The husband next contends that the trial court abused its discretion in not awarding one-half of the value of the marital residence to him. We disagree.

■ The trial court found that the husband contributed $26,484.95 to the acquisition of marital property, that the wife had contributed $44,816.96 to the acquisition of such property, and that the wife had furnished two-thirds of the cost of acquiring the residence. These findings are supported by the evidence; hence, they are binding on appeal. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453 (1970).

■■ The residence, valued at $55,000, was awarded to the wife. The trial court

also awarded the wife $1,937 in personal property, awarded the husband $14,364.90 in personal property, and ordered the wife to pay $12,120.05 to the husband. The trial court's findings and conclusions reveal that the trial court considered the factors enumerated in § 14–10–113(1), C.R.S.1973 (1981 Cum.Supp.). A trial court has broad discretion in effecting an equitable division of marital property, and the parties need not be accorded equal shares in the marital estate. *In re Marriage of Lodholm*, 35 Colo. App. 411, 536 P.2d 842 (1975). We conclude that the trial court did not abuse its discretion in the circumstances of this case.

The judgment is affirmed.

SMITH and KELLY, JJ., concur.