In re the MARRIAGE OF Dean A. SEEWALD, Appellant,

and

Carole J. Seewald, Appellee.

No. 84CA0871.

Colorado Court of Appeals, Div. II.

Aug. 28, 1986.

Law Offices of Daniel W. Dean, Daniel W. Dean, Fort Collins, for appellant.

Ball, Easley, Bonafede & Wabeke, P.C., Ross J. Wabeke, Loveland, for appellee.

SMITH, Judge.

In this dissolution of marriage action, Dean Seewald (husband) appeals from those portions of the permanent orders entered by the trial court awarding Carole Seewald (wife) maintenance and attorney fees in contravention of their premarital agreement, and the treatment of a $10,000 payment by husband to wife as a wedding gift. We reverse in part and affirm in part.

Prior to entering into this brief marriage, the parties executed a prenuptial agreement which provided in pertinent part:

"4. ... We desire to and do foreclose our rights to litigate maintenance issues in the event of a separation or dissolution of our marriage. In such event we agree that neither of us shall have any claims or rights to maintenance and we expressly waive and release all such claims and rights.

. . . .

7(e). If either of us should retain counsel for the purpose of enforcing or preventing the breach of any provision of this Agreement or for any other judicial remedy relating to it, then the prevailing party shall be entitled to be reimbursed by the losing party for all costs and expenses so incurred, including, but not limited to, reasonable attorney's fees and costs."

This matter went to trial on June 1, 1983. After it had received husband's evidence and a small amount of testimony from wife's witnesses, the court recessed the trial which was not reconvened until October 3, 1983. At that time, wife presented the remainder of her case, and husband presented rebuttal evidence. A supplemental decree which incorporated the permanent orders was entered on February 22, 1984, and provided, *inter alia,* that wife would receive $500 per month maintenance for two years, attorney fees in the amount of $2,250, and the $10,000 check given to her by husband.

As a basis for its orders, the trial court found that the prenuptial agreement was made after full disclosure and did not involve either fraud or overreaching. However, it further found that since wife lacked sufficient property to provide for her reasonable needs and would be unable to support herself through appropriate employment for at least two years, the provision in the prenuptial agreement concerning maintenance was unconscionable and that it therefore should not be enforced.

I.

Husband first contends that the trial court's consideration of a maintenance award was beyond the issues raised at the time of the permanent orders hearing. We agree.

■ Wife initially requested maintenance in her response to husband's petition for dissolution of the marriage. However, at the hearing her counsel represented to the court that maintenance would not be an issue, and, while testifying, wife specifically denied that she was seeking any award of maintenance. Under these circumstances, we hold that wife waived any right she might otherwise have had to receive maintenance, and that she could not later change her mind and seek such an award.

*See Kempter v. Hurd,* 713 P.2d 1274 (Colo. 1986).

## II.

Husband next argues that the trial court's award of attorney fees to wife was contrary to the terms of the prenuptial agreement and was not supported by competent evidence.

We note that the prenuptial agreement only provides for attorney fees incurred in obtaining a judicial remedy relating to its provisions. Since some of the issues raised in this action were not related to matters contained in the agreement, the court could have awarded attorney fees pursuant to § 14–10–119, C.R.S., for the cost of legal services in connection with those issues.

■ We agree, however, that the record does not support the specific award to wife in this case. While there was evidence presented to the court showing the financial resources of both parties, there was no evidence presented to enable the court to determine the reasonable amount of attorney fees incurred or what portion should be allocated to issues not included with the pre-nuptial agreement. We therefore conclude that the court improperly awarded attorney fees in the amount of $2,250 to wife. *See In re Marriage of Jones,* 627 P.2d 248 (Colo.1981).

## III.

Husband next argues that the trial court erred by determining that a $10,000 check given by husband to wife was a wedding gift, rather than a loan.

We note that there is conflicting evidence in the record as to why husband gave this check to wife, and that wife's testimony is at times inconsistent. However, the trial court's determination is supported by competent evidence, and it will not be disturbed on review. *In re Marriage of Boyd,* 643 P.2d 804 (Colo.App.1982).

## IV.

Husband's last argument is that the duration of time between the presentation of his evidence, the presentation of wife's evidence, and the court's ruling deprived him of his right to due process. We disagree.

■ Husband concedes that delay alone does not ordinarily result in denial of the right to a fair trial. *See Uptime Corp. v. Colorado Research Corp.,* 161 Colo. 87, 420 P.2d 232 (1966). However, he argues, the record shows that by the second trial date, the court had forgotten much of what happened at the first trial date and by the time the court handed down its ruling it had forgotten important evidence presented on both dates.

■ We do not agree that the orders handed down by the court are clear evidence that the delay caused the court to forget the evidence presented at trial. The record shows that, during the second day of trial, the court occasionally had to be reminded of what happened during the first day of trial, but the court assured counsel that it had been taking notes and that it was not necessary to re-present any evidence. Further, at the conclusion of the trial, the court required the submission of written closing arguments and recommendations. It thus had both its notes and these arguments to refresh its memory at the time it made its ruling. The record does not support the conclusion that husband was prejudiced because of the delay.

Accordingly, the judgment is reversed as to the award of maintenance to wife and is affirmed as to the award of the $10,000 check to her. That portion of the judgment relating to attorney fees is reversed, and the cause is remanded for further proceedings on that issue consistent herewith.

STERNBERG and BABCOCK, JJ., concur.