In re the MARRIAGE OF Lois
J. EBEL, Appellee,

and

Clarence J. Ebel, Jr., Appellant.

No. 90CA1864.

Colorado Court of Appeals,
Div. I.

Sept. 9, 1993.

Rehearing Denied Dec. 23, 1993.

Certiorari Denied May 23, 1994.

Michael R. Enwall, Boulder, for appellee.

Clarence J. Ebel, Jr., pro se.

Opinion by Judge NEY.

In this dissolution of marriage action, Clarence J. Ebel, Jr., (husband) appeals the permanent orders for property division. We affirm.

Husband and Lois J. Ebel (wife) were married in 1953. In the 1960's, they bought and developed a golf course property. The marriage was dissolved in 1986, and the parties then read into the record an "agreement in principle with some details ... [to be] worked out...." Part of the agreement concerned maintenance and sale of the golf course property within one year and equal division of the net proceeds.

The parties also agreed that:

As a general part to this, we wish the Court to continue to have jurisdiction over this matter, and if the property is not sold within a one year period, we wish the Court to order that either party can then come into this Court and make a new order as it determines if the parties cannot agree on a new order.

The court gave the parties a week to prepare a final order and retained jurisdiction. However, the parties neither completed the details of that agreement nor prepared an order, and the property was not sold.

A hearing on property division was begun on March 26, 1990, and continued to June 12, 1990. On June 8, 1990, husband filed for bankruptcy. The trial court was aware of the automatic stay issued by the bankruptcy court. Nevertheless, it proceeded with the hearing on June 12. Neither husband nor his attorney participated in that hearing. The court, by order and decree dated June 14, 1990, awarded the golf course to wife. Wife obtained relief from automatic stay in the bankruptcy court on July 20, 1990, for the limited purpose of allowing the trial court to enter judgment on permanent orders.

## I.

■ Husband first contends that "the trial court did not have the authority, jurisdiction, or discretion, to hold a second trial in order to change a valid and approved stipulation and final order, and decree, for the sole purpose of avoiding the bankruptcy estate of [husband], and the jurisdiction of the U.S. bankruptcy court." We disagree.

Husband's premise that there was a "valid and approved stipulation and final order" for an equal property division is not supported.

No written order was prepared and incorporated into the decree. The oral stipulation was incomplete and indicated that the parties did not intend to be bound by it if the property was not sold within one year. Also, in accordance with the parties' stipulation, the trial court expressly retained jurisdiction to enter a "new order."

In such circumstances, there was no settlement agreement requiring the court to divide the property equally, and the court had discretion to enter a new, equitable division after the 1990 hearing. See § 14–10–112, C.R.S. (1987 Repl.Vol. 6B); see also In re Marriage of Chambers, 657 P.2d 458 (Colo. App.1982).

Further, husband's premise that the purpose of the order was to avoid the impact of his bankruptcy is unsupported. To the contrary, the order was based on such relevant factors as the parties' contributions to and husband's depletion of the marital estate.

■ Considering husband's unilateral withdrawals of assets from the golf course business, the trial court characterized the division of the marital assets as 56 percent to wife and 44 percent to husband. That award was within the trial court's broad discretion to divide the property equitably, and we will not disturb it on review. See § 14–10–113, C.R.S. (1987 Repl.Vol. 6B); In re Marriage of Faulkner, 652 P.2d 572 (Colo.1982).

Further, as the transcript of the evidence presented at the 1990 hearing is not included in the record, we must presume that the order is correct. See Laessig v. May D & F, 157 Colo. 260, 402 P.2d 183 (1965).

## II.

Husband next contends that his "constitutional right to counsel, to due process, and to a fair hearing on appeal, were all violated by the trial court." We disagree.

■ Husband's first complaint in this regard is that certain trial court records were not found, although the parties and the court attempted to reconstruct the record. See C.A.R. 10(c). However, husband raises no appealable issue related to the loss or substance of those records, nor do his assertions

of bias made during the record reconstruction process require reversal here. We need not address issues which are not briefed. *See Nicoloff v. Bloom Land & Cattle Co.,* 100 Colo. 137, 66 P.2d 333 (1937).

■ Husband's other due process complaint is that he and his attorney were prohibited from appearing at the 1990 hearing by the bankruptcy court's automatic stay, and so he was denied a fair hearing. He cites no authority for that proposition, and we know of none. Rather, the record indicates that husband had notice of the 1990 hearing, chose not to appear, and instructed his attorney to withdraw. Therefore, we conclude that husband's lack of representation at the hearing was not due to any trial court error.

### III.

Husband's final contention is that "the trial court did not have the authority, jurisdiction, or discretion, to willfully violate the U.S. bankruptcy court order of automatic stay, and proceed with a second trial, after receiving both written and verbal notice prior to the trial of the order staying any further judicial proceedings." We do not find grounds for reversal.

■ All proceedings for property distribution are stayed when one of the parties to the dissolution files for bankruptcy. 11 U.S.C. § 362(a) (1988); *see In re Fisher,* 67 B.R. 666 (Bankr.D.Colo.1986). However, the nondebtor spouse wishing to proceed with the dissolution action may petition the bankruptcy court for relief from the stay. If the bankruptcy court finds cause, it shall grant relief such as terminating, annulling, modifying, or conditioning the stay. 11 U.S.C. § 362(d) (1988).

■ Here, on July 20, 1990, on wife's application, the bankruptcy court granted relief from the stay and specifically allowed the June 14, 1990, property division order to enter effective July 20, 1990. In these circumstances, the issuing court chose specifically to "grant relief from the stay ... solely for the purpose of permitting the state court's order and decree dated June 14, 1990, ... to enter." Under such circumstances,

we perceive no reason based on the stay to reverse the judgment.

Furthermore, the federal court proceedings are not reflected in the appellate record, and we are unable to review husband's assertions about them. *See Laessig v. May D & F, supra.* Husband's concerns as to the bankruptcy court's order are better addressed to that court. *See In re Ebel,* 144 B.R. 510 (D.Colo.1992).

The order is affirmed.

PIERCE and MARQUEZ, JJ., concur.