**Henry ENGEL and Clarice Engel, Plaintiffs–Appellants,**

v.

**Frank B. ENGEL, Defendant–Appellee.**

**No. 94CA0499.**

Colorado Court of Appeals, Div. V.

Jan. 12, 1995.

Donald K. Smith, Sterling, for plaintiffs-appellants.

Marshall Quiat, Denver, for defendant-appellee.

Opinion by Judge TAUBMAN.

Plaintiffs, Henry and Clarice Engel, appeal the trial court's judgment in favor of defendant, Frank Engel, on his counterclaims for unjust enrichment, breach of contract, and conversion, and the award of attorney fees. We affirm.

Defendant, plaintiff Henry Engel's son, quit his job in Denver and moved to Wray, Colorado, to work in the plaintiffs' packing plant, based on plaintiffs' representation that defendant would inherit certain land owned by plaintiffs. Based on this same representation and with plaintiffs' consent, defendant converted this land from grassland into a productive farm, at his own cost and with his own labor. Defendant completed such conversion prior to the effective date of a law which prohibited such a change. Defendant farmed the land, with plaintiffs and defendant receiving one-third and two-thirds of the yield, respectively.

This arrangement continued for eight years until plaintiffs terminated it. Plaintiffs sold the property to a third party at a price that, because of the conversion, represented a substantial increase over their cost.

Plaintiffs filed a complaint alleging that defendant fraudulently induced them to release a deed of trust which he had executed in their favor. Plaintiffs requested that their lien be reinstated and foreclosed upon. Defendant counterclaimed for unjust enrichment, breach of contract, and conversion.

On the morning of trial, plaintiffs voluntarily dismissed their claims because Mrs. Engel had a medical condition preventing her from testifying and they stated they were unable to proceed without her testimony. Finding that plaintiffs had failed to present credible evidence to support their claims, the trial court awarded defendant his attorney fees for the defense of those claims under § 13–17–102, C.R.S. (1987 Repl.Vol. 6A). Trial proceeded on defendant's counterclaims and the judgment here at issue resulted.

## I.

■ Plaintiffs first contend the trial court erred in determining that the proper remedy for the unjust enrichment was an award for the increased value of the land, rather than for the value of defendant's services. We disagree.

■ An action for unjust enrichment will lie where a plaintiff can show that a

benefit was conferred on the defendant by the plaintiff, that the benefit was appreciated by the defendant, and that the benefit was accepted by the defendant under such circumstances that it would be inequitable for the benefit to be retained. The scope of the remedy is broad, cutting across both contract and tort law, with its application guided by the underlying principle of avoiding an unjust enrichment of one party at the expense of another. *Cablevision of Breckenridge, Inc. v. Tannhauser Condominium Ass'n,* 649 P.2d 1093 (Colo.1982).

■ The word "benefit" denotes any form of advantage. *Cablevision of Breckenridge, Inc. v. Tannhauser Condominium Ass'n, supra.* Ordinarily, the benefit to the one and the loss to the other are co-extensive, and the remedy is to compel the one to surrender the benefit which he or she has received and thereby to make restitution to the other for the loss which he or she has suffered. Restatement of Restitution § 1 comment d (1937). In some situations, however, the benefit and loss do not coincide, such as when a benefit has been received by one, but the other has not suffered a corresponding loss. In such cases, the benefit recipient is under a duty to give to the other the amount by which he or she has been enriched. Restatement of Restitution § 1 comment e (1937); *see also* Restatement of Restitution § 151 (1937).

■ To the extent the benefit may properly be measured in different ways, the choice is within the discretion of the trial court. *W.H. Woolley & Co. v. Bear Creek Manors,* 735 P.2d 910 (Colo.App.1986).

Here, there was record support for the trial court's finding that the benefit plaintiffs received was the increase in value of their land, which could not have occurred without defendant's labor and costs. There was also record support for the trial court's finding that it would be inequitable for plaintiffs to retain this benefit because defendant quit his job, moved to Wray, and incurred costs and expended his labor to convert and farm the land with the reasonable expectation he would realize the increased value of the land when plaintiffs left it to him.

Thus, the findings of fact are supported by the record, and we find no error of law in the conclusion of the trial court.

## II.

■ Plaintiffs next contend that the record does not support the trial court's finding that they took a hog hut and hog panels belonging to the defendant. We disagree.

■ Sufficiency of evidence and inferences and conclusions drawn therefrom must be viewed in the light most favorable to the prevailing party in the trial proceedings. *Hayes v. North Table Mountain Corp.,* 43 Colo.App. 467, 608 P.2d 830 (1979). Such findings will not be disturbed if they are supported by evidence in the record. *M.D.C./Wood, Inc. v. Mortimer,* 866 P.2d 1380 (Colo.1994).

Here, the record indicates the hut and panels disappeared from defendant's property at the same time plaintiffs removed a small building from defendant's property which was located near the hut and the panels. Thus, there is support for the inference that plaintiffs were responsible for the disappearance of the hut and the panels, and accordingly, we find no error.

## III.

■ Finally, plaintiffs contend the trial court abused its discretion in assessing attorney fees based on plaintiffs' inability to proceed because of Mrs. Engel's medical condition. We disagree.

The decision to award attorney fees on the ground that a claim lacks substantial justification is committed to the sound discretion of the trial court. *See* § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A); *Weber v. Wallace,* 789 P.2d 427 (Colo.App.1989).

Section 13–17–102(4), C.R.S. (1987 Repl. Vol. 6A) provides as follows:

The court shall assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment or

if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to abuses of discovery procedures available under the Colorado Rules of Civil Procedure or a designation by a defending party under § 13–21–111.5(3) that lacked substantial justification. As used in this article, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious.

 A claim is groundless if the allegations of the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial. *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984). A vexatious claim is one brought or maintained in bad faith to annoy or harass. It may include conduct that is arbitrary, abusive, stubbornly litigious, or disrespectful of truth. *Bockar v. Patterson,* 899 P.2d 233 (Colo.App.1994).

Here, the record indicates that plaintiffs' complaint failed to plead fraud with particularity. It also reveals that plaintiffs failed to identify the factual basis of their claims in their discovery responses, repeatedly failed to respond adequately to discovery requests, and admitted material elements of defendant's defense by their failure to respond to defendant's requests for admissions. *See* C.R.C.P. 36.

Further, the record demonstrates that Mrs. Engel's medical condition had been known for more than one year prior to the day of trial. Thus, her inability to attend the trial need not have prevented plaintiffs from pursuing their claim because they could have preserved her testimony as permitted by C.R.C.P. 32(a)(3)(C). Also, plaintiffs' counsel had represented that plaintiffs would be able to proceed with or without Mrs. Engel when a previous trial date was postponed because of her medical condition.

Here, the trial court found that the plaintiffs presented no credible evidence in support of their claims and that, therefore, their case was substantially groundless. We perceive no error in that ruling.

First, we hold that a trial court may properly determine that an action was "brought or defended" in a substantially groundless manner even when it is dismissed on the morning of trial before the trial actually commences. *Cf. Western United Realty, Inc. v. Isaacs, supra.*

We also conclude that the trial court's award of attorney fees is supported by language in § 13–17–102(4), C.R.S. (1987 Repl. Vol. 6A) that allows an award for "other improper conduct, including, but not limited to, abuses of discovery procedures under the Colorado rules of civil procedure ... that lack substantial justification." Plaintiffs' litigation of this case, including their failure to respond adequately or in some cases at all to discovery requests, as noted above, reveals their conduct to be vexatious in that it was "stubbornly litigious."

Thus, the trial court did not abuse its discretion in awarding attorney fees.

### IV.

We do not find this appeal frivolous and groundless and, therefore, deny defendant's request for an award of fees. *See* C.A.R. 38(d).

The judgment is affirmed.

STERNBERG, C.J., and BRIGGS, J., concur.