Margaret BILAWSKY, Plaintiff–
Appellant and Cross–
Appellee,

v.

Mohammed FASEEHUDIN, M.D.; John
Evans, D.P.M.; and Nicholas Przystaw-
ski, D.P.M., Defendants–Appellees and
Cross–Appellants,

and

Concerning Don, Hiller & Galleher, P.C.
and J. Michael Dowling & Associates,
P.C., Appellants and Cross–Appellees.

No. 94CA0529.

Colorado Court of Appeals,
Div. I.

Aug. 24, 1995.

Rehearing Denied Oct. 26, 1995.

Certiorari Denied May 20, 1996.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

Don, Hiller & Galleher, P.C., David L. Hiller, Denver, J. Michael Dowling & Associates, P.C., J. Michael Dowling, Denver, for plaintiff-appellant, appellants and cross-appellees.

Treece, Alfrey & Musat, P.C., Duncan W. Cameron, Denver, for defendants-appellees and cross-appellants.

Opinion by Judge METZGER.

In this medical malpractice action, plaintiff, Margaret Bilawsky, and her attorneys, Don, Hiller & Galleher, P.C., and J. Michael Dowling & Associates, P.C., appeal the trial court's order awarding defendant Mohammed Faseehudin his attorney fees pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A). Faseehudin cross-appeals the trial court's award of less than all his requested attorney fees and costs. Defendants John Evans and Nicholas Przystawski cross-appeal the trial court's denial of their request for an award of attorney fees and costs. We affirm in part, vacate in part, and remand with directions.

A nerve in plaintiff's foot was severed during foot surgery in 1987. Faseehudin was the anesthesiologist during the surgery and defendants Evans and Przystawski were surgical residents observing the surgery. The surgeon who performed the operation is not a party to this appeal.

Plaintiff filed her complaint in December 1992, naming as defendants all of the physicians who were present in the operating room during her surgery. In April 1993, defendants Faseehudin, Evans, and Przystawski filed affidavits stating they had not taken part in the actual surgery on plaintiff's foot and could not have been responsible for her injury. Plaintiff then signed a stipulation dismissing these defendants. However, she later moved to amend her complaint to rejoin them as parties because the surgeon refused to stipulate that he would not name these defendants as non-parties at fault. Plaintiff later dismissed these defendants with prejudice in September 1993, after the surgeon finally signed the stipulation.

The defendants requested an award of their attorney fees and costs under § 13–17–101, et seq., and C.R.C.P. 11, asserting that plaintiff and her counsel had failed to conduct any investigation before filing the complaint and had not presented any credible evidence that these defendants had committed any wrongful act.

Plaintiff's counsel admitted that, before filing the complaint, they did not conduct any investigation with respect to Faseehudin's actions nor did they consult with an anesthesiologist and that, after filing the complaint, they did not depose any of the defendants or any of the witnesses to the surgery.

The trial court ruled that, because plaintiff's certificate of review did not comply with the requirements of § 13–20–602, C.R.S. (1987 Repl.Vol. 6A), plaintiff's counsel were not entitled to the presumption that a claim accompanied by a certificate of review is not groundless. *See* § 13–17–102(2.1), C.R.S. (1994 Cum.Supp.).

The trial court granted Faseehudin's motion for attorney fees and costs. It found that plaintiff's counsel had violated C.R.C.P. 11 by signing the original and amended complaints without investigating the claims against Faseehudin. It also found that Faseehudin was entitled to an award under § 13–17–101, et seq., because plaintiff did not present any evidence to support a claim against him. It awarded Faseehudin approximately half of the fees he requested.

By separate order entered the same day, the trial court denied the request of defendants Evans and Przystawski for fees. The trial court concluded it had not been inappropriate for plaintiff to keep those defendants in the case because there was some evidence that these defendants had assisted in plaintiff's surgery.

The trial court's order as to Faseehudin was certified as a final order pursuant to C.R.C.P. 54(b) in February 1994. The trial court's order as to defendants Evans and Przystawski became final when the case was ultimately dismissed.

## I.

Plaintiff and her counsel first contend that the trial court erred in awarding attorney fees against them pursuant to C.R.C.P. 11. We disagree.

As pertinent, C.R.C.P. 11 provides that the signature of an attorney to a pleading constitutes a certification that, to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is not interposed for any improper purpose. The rule goes on to provide that, if a pleading is filed in violation of this rule, the court shall impose appropriate sanctions, which may include an award of reasonable attorney fees and expenses.

Section 13–20–602(1), C.R.S. (1994 Cum. Supp.) requires that, in every action for damages based upon alleged professional negligence of a licensed professional, a plaintiff's attorney must file a certificate of review for each licensed professional named as a party. "In an action alleging professional negligence of a physician, the certificate of review shall declare that the person consulted meets the requirements of section 13–64–401 . . . ." Section 13–20–602(3)(c), C.R.S. (1994 Cum. Supp.).

Section 13–64–401, C.R.S. (1994 Cum. Supp.) provides in essence that, in order to testify as an expert in a medical malpractice action, the witness must be a licensed physician who is knowledgeable concerning the standard of care in the medical specialty of the defending physician.

It is undisputed that plaintiff's attorneys did not obtain a certificate of review as required by §§ 13–20–602 and 13–64–401. At the hearing on attorney fees, one of plaintiff's counsel testified that no anesthesiologist was consulted to determine the appropriateness of Faseehudin's conduct. And, although plaintiff's attorneys did consult with two podiatrists and an orthopedic surgeon, the record contains no evidence that any of these professionals knew the standard of care of the specialty of anesthesiology.

The court found that, because plaintiff's counsel did not interview any of the persons present in the operating room at the time of the surgery, nor did they perform any investigation of the claims against Faseehudin other than ascertaining through the operative report that he was physically present in the operating room as an anesthesiologist, they had violated C.R.C.P. 11 in signing the original and amended complaints. The court noted that plaintiff's counsel provided no evidence that their investigation was thwarted by anyone or that "statements, testimony, or other evidence was not forthcoming from potential witnesses present in the operating room" before the lawsuit was filed.

A trial court's findings of fact will be upheld on review unless they are unsupported by the evidence. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979). The determination whether attorney fees should be awarded and in what amount lies within the discretion of the trial court, and these determinations will not be disturbed on review absent an abuse of discretion. *Little v. Fellman*, 837 P.2d 197 (Colo.App.1991).

Here, the trial court's findings are amply supported by the record. The absence of a certificate of review concerning Faseehudin's conduct as an anesthesiologist and the lack of any showing that an investigation was thwarted lead us to conclude that the trial court acted well within its discretion in determining that a violation of C.R.C.P. 11 had occurred and that attorney fees were an appropriate sanction.

Plaintiff and her counsel contend, however, that the trial court misapprehended the law in awarding attorney fees. They argue that, because plaintiff's complaint relied on *res ipsa loquitur* as its theory of the case, the certificate of review requirements of §§ 13–20–602 and 13–64–401 do not apply to their complaint against Faseehudin. We reject this contention.

*Res ipsa loquitur* is a rule of evidence which defines the circumstances under which a presumption of negligence will arise. This presumption occurs when an unexplained event creates a *prima facie* case of negligence without proof of specific misfeasance. *Spoor v. Serota*, 852 P.2d 1292 (Colo.App. 1992). As a division of this court stated in *Kitto v. Gilbert*, 39 Colo.App. 374, 379, 570 P.2d 544, 548 (1977):

> Instruction on *res ipsa loquitur* is proper where the evidence reveals occurrence of a harm which ordinarily would not have occurred, but for negligence, and which is caused by an agency or instrumentality within the exclusive control of the defendants sought to be charged with liability without contribution by plaintiff, and under circumstances such that evidence as to the explanation of the events causing the harm is more accessible to the defendants than to plaintiff.

Here, plaintiff's injury was a nerve severance which occurred during surgery on her foot. The record contains no evidence or inference that Faseehudin had any control over the instrumentality, *i.e.*, the scalpel, that caused plaintiff's damage. Therefore, plaintiff has failed to meet the threshold factual requirements to invoke the doctrine of *res ipsa loquitur* concerning this defendant.

Nor are we persuaded by the cases that plaintiff has cited from other jurisdictions. In those jurisdictions, the instrumentality requirements found in *Kitto v. Gilbert, supra*, are not present. Consequently, such cases are inapposite here.

Thus, we hold that plaintiff cannot rely on the doctrine of *res ipsa loquitur* to avoid the requirements of §§ 13–20–602 and 13–64–401, at least when there is no evidence or inference that the defendant had any control over the instrumentality causing the injury.

## II.

Plaintiff and her counsel next argue that the trial court erred in awarding attorney fees against them pursuant to § 13–17–101, et seq. They argue that, because plaintiff's complaint relied on the doctrine of *res ipsa loquitur* as its theory of the case, the trial court's determination that the action was groundless constituted error. We disagree.

Section 13–17–102, C.R.S. (1987 Repl.Vol. 6A) authorizes a trial court to award attorney fees if it finds that the action lacks substantial justification, that is, if the action was frivolous, groundless, or vexatious.

A claim is groundless if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial. This test assumes that the proponent has a valid legal theory but can offer little or nothing in the way of evidence to support the claim. *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984).

Included among the factors a trial court must consider in making the determination that a litigant is entitled to an award of attorney fees under § 13–17–101, et seq., are (a) the extent of any effort made to determine the validity of any action or claim before the action or claim was asserted; (b) the extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid within an action; and (c) the availability of facts to assist a party in determining the validity of a claim or defense. Section 13–17–103, C.R.S. (1987 Repl.Vol. 6A).

Here, the trial court found that plaintiff had contacted her attorneys at least by February 25, 1992, and that the original complaint was filed against Faseehudin on December 14, 1992. The court also found that:

Plaintiff's counsel engaged in no investigation as to the conduct of defendant Faseehudin, M.D., prior to filing the complaint, other than obtaining the operative report ... of the February 12, 1987 surgery.... The Court finds that Dr. Faseehudin was made a party defendant based upon Dr. Faseehudin's being physically in the operating room at the time of the foot surgery administering anesthesia, according to the operative report, and the *possibility* that he could have performed the surgery or a portion thereof which is the basis of the malpractice claim. (emphasis in original)

Based on these findings, and on its additional determinations that a similar lack of investigation preceded and followed the filing of the amended complaint, the court concluded that:

Plaintiff's counsel failed in their C.R.S. 13–17–103(1)(b) duty to dismiss claims not supported by the evidence against Dr. Faseehudin, and further finds that plaintiff's counsel violated C.R.S. 13–17–103(1)(c) in failing to avail themselves of the facts of the case by failing to depose any of the five doctors sued as party defendants, or depose any available circulating or scrub nurses in the operating room at the time of the surgery.

Our review of the record discloses ample support for these findings; therefore, they may not be disturbed on review. *Page v. Clark, supra.*

The conclusion that Faseehudin was entitled to an award of attorney fees also reflects a proper balancing of the factors contained in § 13–17–103.

And, to the extent that plaintiff and her counsel rely on the doctrine of *res ipsa loquitur* to challenge the award of fees, we incorporate our rejection of that analysis which is contained in Part I, *supra.*

## III.

Plaintiff and her counsel next argue that, because there was no trial to test the factual basis of the claim, the trial court erred in finding that her claim against Faseehudin was groundless. We disagree.

■ A trial court may properly determine that an action was brought in a substantially groundless manner even when the case is dismissed shortly before the trial actually commences. *Engel v. Engel*, 902 P.2d 442 (Colo.App. No. 94CA0499, January 12, 1995).

Here, the trial court found that plaintiff presented no credible evidence to support her claim against Faseehudin and that plaintiff's counsel (1) made no effort to determine the validity of plaintiff's claim in the 10-month period before filing the complaint, (2) failed to dismiss those claims which were not supported by the evidence, and (3) failed to depose any of the physicians or witnesses to the surgery. *See* §§ 13–17–103(1)(a), 13–17–103(1)(b), and 13–17–103(1)(c), C.R.S. (1987 Repl.Vol. 6A).

The record supports these findings. Accordingly, we conclude that the trial court did not err in awarding Faseehudin his costs and attorney fees. *See Engel v. Engel, supra.*

### IV.

On cross-appeal, Faseehudin contends the trial court erred in awarding attorney fees for less than the amount he requested. Because we cannot determine the trial court's basis for denying some of the requested fees, we vacate the order and remand the cause for entry of further findings.

■ The determination of the amount, under the evidence, that constitutes a reasonable award of attorney fees is committed to the sound discretion of the trial court. *Ruffing v. Lincicome*, 737 P.2d 440 (Colo.App. 1987). However, a trial court must make sufficient findings to permit meaningful appellate review of the attorney fees award. *See Kinsey v. Preeson*, 746 P.2d 542 (Colo. 1987); C.R.C.P. 121 § 1–22(2)(c).

■ Here, Faseehudin requested fees in the amount of $4,672.22, and the trial court, without explanation, found that only $1,600 of his legal defense fees were necessary and reasonable. The trial court had expressed concern during the attorney fees hearing that some of Faseehudin's fees could have been avoided if he had filed a motion for summary judgment and that a portion of his fees were related to a motion that may not have been necessary.

However, the trial court made no findings indicating how it arrived at the amount of fees awarded. We cannot determine from the record specifically which fees the trial court disallowed or the reason therefor. Accordingly, further findings on this issue are necessary.

On remand, the trial court should also determine whether there was specific undertaking by the plaintiff or knowledge by the plaintiff that C.R.C.P. 11 was being violated. *See Maul v. Shaw*, 843 P.2d 139 (Colo.App. 1992). And, if appropriate, the trial court should allocate the imposed sanctions between the plaintiff and her attorneys according to their relative degrees of responsibility for violation of C.R.C.P. 11 and § 13–17–101, et seq. *See Maul v. Shaw, supra*, and *Anderson Boneless Beef, Inc. v. Sunshine Health Care Center, Inc.*, 878 P.2d 98 (Colo. App.1994).

### V.

Also on cross-appeal, defendants Evans and Przystawski contend the trial court abused its discretion by denying their request for attorney fees. We disagree.

■ The denial of an award of attorney fees under § 13–17–101, et seq., will not be disturbed on appeal absent an abuse of discretion. *Board of County Commissioners v. Colorado Counties Casualty & Property Pool*, 888 P.2d 352 (Colo.App.1994).

■ Here, the trial court found that the operative report, indicating that these defendants had assisted with the surgery, was at least some evidence to support plaintiff's claim against them. And, the trial court concluded it was not unreasonable for plaintiff to keep these defendants in the case when the surgeon had refused to stipulate that they were not at fault. Because there is support for these findings in the record, we conclude that the trial court did not abuse its discretion in denying these defendants' requests for attorney fees.

That portion of the order determining the amount of attorney fees to be awarded defendant Faseehudin is vacated and the cause is remanded for entry of further findings and a new order in accordance with this opinion. In all other respects, the orders are affirmed.

MARQUEZ and CASEBOLT, JJ., concur.