**In re the MARRIAGE OF Lois J. EBEL, Appellee,**

**and**

**Clarence J. Ebel, Jr., Appellant.**

**No. 03CA2090.**

Colorado Court of Appeals, Div. II.

March 10, 2005.

Rehearing Denied June 2, 2005.

Michael R. Enwall, Boulder, Colorado, for Appellee.

Philip D. Geil, Boulder, Colorado, for Appellant.

TAUBMAN, J.

In this post-dissolution proceeding, Clarence J. Ebel, Jr. (husband) appeals the district court's order concluding it lacked jurisdiction to determine his request for maintenance from Lois J. Ebel (wife). We affirm.

As noted in a prior appeal, this case has had a "long and tortuous journey through multiple state and federal courts." *In re Marriage of Ebel,* 2002 WL 1773338 (Colo. App. No. 00CA0170, Feb. 14, 2002)(not published pursuant to C.A.R. 35(f))(Taubman, J., dissenting)(*Ebel II* ). Because the background of this case is sufficiently set forth in two prior decisions, *In re Marriage of Ebel,* 874 P.2d 406 (Colo.App.1993)(*Ebel I* ), and *Ebel II, supra,* we need not repeat the entire procedural history of the case here.

However, as pertinent to this appeal, the court held a hearing on permanent orders in 1999. As part of its permanent orders, the trial court awarded wife the entire marital estate, which was estimated by the court at $1.6 million as of the August 1986 decree of dissolution. Neither party sought maintenance as part of the permanent orders proceeding, and the decree and order were silent as to maintenance. Husband appealed the permanent orders to this court, including the issue of whether the trial court erred by not awarding him maintenance. In *Ebel II,* a majority of the division affirmed the trial court's property distribution and concluded that husband had waived maintenance by failing to list it as an issue on his trial management certificate.

Husband filed a petition for certiorari, which was denied by the supreme court in January 2003. In April 2003, husband filed a motion to modify maintenance. Thereafter, he filed a motion to determine maintenance under § 14–10–114, C.R.S.2004, requesting that the court grant him temporary maintenance until a permanent orders hearing on maintenance could be held.

The magistrate found that the court lacked jurisdiction to consider husband's motion be-

cause the trial court had not retained jurisdiction over maintenance when permanent orders were entered in 1999. Husband moved for review of the magistrate's order, which was affirmed by the district court. The district court concluded that § 14–10–114 "simply allows the court at the time of permanent orders and after the marriage is dissolved, to determine maintenance."

## I. Maintenance

■ Husband contends the district court erred in finding it lacked jurisdiction to consider his request for maintenance after permanent orders had been entered. He asserts that he had no reason to request maintenance at the time of the 1999 permanent orders hearing because he expected to receive a reasonable share of the $1.6 million marital estate, which had more than doubled in value by 1999. Husband contends that § 14–10–114(3), C.R.S.2004, allows a party to request maintenance after the entry of permanent orders, even when the court has not expressly reserved jurisdiction to determine maintenance at a later date. Although we agree that the district court lacked jurisdiction to consider husband's motion for maintenance, we reach that conclusion under a different analysis.

### A. Effect of Prior Decision

■ We first address wife's contention that our decision in *Ebel II* precludes us from considering husband's argument. We agree in part.

To the extent husband argues here that he did not waive maintenance at the time of permanent orders, we conclude that issue has already been determined in *Ebel II* and is the law of the case. *See People v. Roybal*, 672 P.2d 1003 (Colo.1983)(the pronouncement of an appellate court on an issue in a case presented to it becomes the law of the case).

■ However, to the extent husband's claim is based on his interpretation of § 14–10–114(3), we conclude that the division's determination in *Ebel II* that husband waived maintenance in the initial proceeding is not res judicata or the law of the case on the issue of whether § 14–10–114(3) allows a par-

ty to make a new request for maintenance after the entry of permanent orders.

As wife recognizes, the doctrine of res judicata or claim preclusion does not precisely apply here because husband's present request for maintenance is not a proceeding independent of the dissolution case. Further, *In re Marriage of Mallon*, 956 P.2d 642 (Colo.App.1998), on which wife relies, is distinguishable. There, a division of this court applied the principles of res judicata and collateral estoppel to preclude the wife in an action for dissolution of marriage from attacking the subject matter jurisdiction of the court nineteen months after the court entered its permanent orders. Here, in contrast, husband does not seek to set aside a prior final determination of the trial court. Rather, he contends that he has a statutory right to request maintenance following the issuance of permanent orders.

Similarly, husband's statutory argument is not barred by the law of the case doctrine because he raises an issue not previously decided. Thus, we turn to the interpretation of § 14–10–114(3).

### B. New Maintenance Request

Initially, we reject husband's contention that the prior version of the statute applies here. Rather, the current version of § 14–10–114(3), in effect when husband filed his motion for maintenance in April 2003, applies. That statute states, in pertinent part:

> In a proceeding for dissolution of marriage or legal separation or *a proceeding for maintenance following dissolution of marriage by a court*, the court may grant a temporary maintenance order ... or a maintenance order at the time of permanent orders for either spouse only if it finds that the spouse seeking maintenance [meets certain conditions].

(Emphasis added.) Thus, the statute appears to contemplate three scenarios in which the court may make an award of maintenance: (1) a proceeding for dissolution; (2) a legal separation; and (3) a proceeding following dissolution.

Husband argues that the third scenario allows a party to request maintenance after

the conclusion of permanent orders, particularly where, as here, he did not believe he would need maintenance until the trial court awarded all the marital property to wife.

In addition to the plain language of the statute, husband relies on a Colorado family law treatise, which discusses nominal awards of maintenance, and states:

> [T]he statute and case law strongly suggest that the Court always has jurisdiction to enter a post decree order awarding or modifying maintenance, regardless of whether it expressly reserved jurisdiction to do so and regardless of whether it ordered nominal maintenance at the time of entering the decree.

F. McGuane, K. Hogan & B. Storey, 19 *Colorado Practice* § 25.14 (1999). As authority for this proposition, the treatise cites *In re Marriage of Lee*, 781 P.2d 102 (Colo. App.1989), a case involving the modification of maintenance.

▮▮▮ The court's primary task in construing a statute is to give effect to the intent of the General Assembly by looking first at the language of the statute. *Vaughan v. McMinn*, 945 P.2d 404 (Colo.1997). In interpreting a comprehensive legislative scheme, the court must give meaning to all portions thereof and construe the statutory provisions to further the legislative intent. *A.B. Hirschfeld Press, Inc. v. City & County of Denver*, 806 P.2d 917 (Colo.1991). The General Assembly is presumed to be cognizant of and to adopt the construction which prior judicial decisions have placed on particular language when such language is employed in subsequent legislation. *Thompson v. People*, 181 Colo. 194, 510 P.2d 311 (1973).

Historically, Colorado courts have held that if a party did not request maintenance at a permanent orders hearing, the party waived the right to receive maintenance. *See In re Marriage of Seewald*, 725 P.2d 1171 (Colo.App.1986). For this reason, courts have often entered a nominal maintenance award of one dollar per year to permit "an adjustment upward if future circumstances require." *See In re Marriage of Fernstrum*, 820 P.2d 1149, 1152 (Colo.App. 1991). Alternatively, the appellate courts have held that a trial court may expressly reserve jurisdiction to review, adjust, or extend the maintenance award under certain specified conditions. *In re Marriage of Caufman*, 829 P.2d 501 (Colo.App.1992).

Notwithstanding these prior interpretations of Colorado's maintenance statutes, husband maintains that under § 14–10–114(3), the phrase "a proceeding for maintenance following dissolution of marriage by a court," which has not previously been interpreted by Colorado's appellate courts, provides a new and heretofore unused alternative for a party to request maintenance even though he or she did not request maintenance at the permanent orders hearing. We disagree.

In our view, the quoted language emphasized above applies to circumstances where the court issuing the decree of dissolution initially lacked personal jurisdiction over the absent spouse and, therefore, could not have ordered one spouse to pay maintenance.

Colorado's Uniform Dissolution of Marriage Act is based on the model Uniform Marriage and Divorce Act (UMDA), and Colorado courts have looked to the UMDA in interpreting the Colorado statute. *See, e.g., In re Marriage of Francis*, 919 P.2d 776 (Colo.1996)(citing commissioner's comment to uniform act in interpreting child custody provisions of UMDA); *In re Marriage of Fickling*, 100 P.3d 571 (Colo.App.2004)(citing official comment to UMDA in analyzing weight given to temporary orders).

Section 308(a) of the UMDA is similar to § 14–10–114(3). It provides: "In a proceeding for dissolution of marriage, legal separation, or maintenance following a decree of dissolution of marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse ...." The accompanying comment explains:

> Section 308(a) authorizes the court to order maintenance to either spouse in three kinds of proceedings: (1) dissolution of marriage; (2) legal separation; and (3) independent proceedings for maintenance following an earlier proceeding for dissolution of the marriage by a court which lacked personal jurisdiction of the absent

spouse and thus could not affect maintenance ....

UMDA § 308 cmt., 9A U.L.A. 447 (master ed.1987).

Accordingly, the language in § 14–10–114(3) referring to "a proceeding for maintenance following dissolution of marriage by a court" appears to be based on the UMDA provision which applies when the court issuing a decree of dissolution initially lacked personal jurisdiction over the absent spouse and, therefore, could not order maintenance.

Our conclusion is supported by other provisions of the Uniform Dissolution of Marriage Act. Section 14–10–113(1), C.R.S.2004, concerning division of marital property, applies to proceedings for dissolution of marriage, legal separation, or "disposition of property following the previous dissolution of marriage by a court which at the time of the prior dissolution of the marriage lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property." Additionally, § 14–10–108(1), C.R.S. 2004, regarding temporary orders, applies to proceedings for dissolution of marriage, legal separation, allocation of parental responsibilities, declaration of invalidity of marriage, or "disposition of property, maintenance, or support following dissolution of the marriage."

Thus, the legislative scheme recognizes that some proceedings may occur following the issuance of a decree of dissolution. Those post-dissolution proceedings include circumstances where a spouse obtains a decree of dissolution of marriage without obtaining personal jurisdiction over a respondent spouse who may be out of the state or the United States. In those circumstances, such a spouse, having obtained a decree of dissolution, may later obtain personal jurisdiction over the respondent former spouse and then file a proceeding for maintenance, division of marital property, or temporary orders.

This interpretation is consistent with judicial interpretations of § 14–10–114(3) before the 2001 amendment, which required a party to obtain at permanent orders a maintenance order or a specific order from the court reserving jurisdiction to impose maintenance at a later date. If a party did not do either, the right to maintenance was waived. *See In re Marriage of Caufman, supra; In re Marriage of Seewald, supra.*

Neither the official comment to § 308(a) of the UMDA, nor any case law we have found, has interpreted the phrase "a proceeding for maintenance following dissolution of marriage by a court" to mean that a party may request maintenance after the conclusion of permanent orders where maintenance was previously waived and the court did not reserve jurisdiction to consider it. *Cf. In re Marriage of Folwell,* 910 P.2d 91 (Colo.App.1995)(trial court may retain jurisdiction over maintenance pursuant to § 14–10–114 if, at the time of permanent orders, an important future contingency exists which can be resolved in a reasonable and specific period of time, and if the court explicitly states its intent to reserve jurisdiction, describes the future event upon which the reservation of jurisdiction is based, and sets forth a reasonably specific future time within which maintenance may be considered under § 14–10–114).

Further, there is no indication that when § 14–10–114(3) was amended, the General Assembly intended to modify existing case law interpreting that provision. *See Vaughan v. McMinn, supra,* 945 P.2d at 409 (legislature is presumed to be aware of judicial precedent).

Here, the trial court had personal jurisdiction over husband throughout the dissolution proceeding. Thus, § 14–10–114(3) affords no basis for husband to request maintenance in a proceeding following dissolution because the trial court did not previously reserve jurisdiction to determine or modify maintenance.

Accordingly, the district court did not err in concluding that it lacked jurisdiction to rule on husband's motion for maintenance.

## II. Attorney Fees

Although husband's appeal was unsuccessful, we nevertheless deny wife's request for an award of attorney fees under C.A.R. 38(d) and § 13–17–102, C.R.S.2004. *See Wood*

*Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo.1993).

The order is affirmed.

Judge RUSSEL concurs.

Chief Judge DAVIDSON concurs in part and dissents in part.

Chief Judge DAVIDSON concurring in part and dissenting in part.

Because the trial court's determination at permanent orders that husband has waived maintenance is a final order that has been affirmed on appeal, I would not reach the merits of husband's new maintenance argument.

An order for an initial award of maintenance may be requested in three alternative contexts: (1) at the permanent orders hearing of a dissolution proceeding; or (2) subsequent to the entry of a decree of dissolution if the court has deferred the remaining issues in the best interests of the parties; or (3) when personal jurisdiction has been obtained following an in rem proceeding dissolving the marriage. Section 14–10–106(1)(b), C.R.S.2004; *see also* § 14–10–114, C.R.S.2004. The second alternative provides the context here.

Here, the parties' decree of dissolution was entered in 1986, but the permanent orders hearing was deferred until 1999. At the 1999 hearing, the property was divided, neither party requested maintenance, and the trial court did not reserve jurisdiction over the issue of maintenance or award a nominal amount. Husband appealed the property division and the denial of maintenance, arguing, inter alia, that the trial court erred in failing to award him maintenance. A majority of a division of this court determined, as relevant here, that maintenance had been waived. *In re Marriage of Ebel,* 2002 WL 1773338 (Colo.App. No. 00CA0170, Feb. 14, 2002)(not published pursuant to C.A.R. 35(f))(*Ebel II* ). Husband's petition for certiorari was denied.

In this appeal, husband argues that he is entitled to maintenance "after permanent orders" because he did not believe that he would need maintenance until the trial court

awarded all the marital property to wife. However, absent allegations of fraud or similar theory not alleged here, *see* C.R.C.P. 60(b), once an appellate court has affirmed the final order of the dissolution court determining that maintenance is waived, a new request is precluded. Thus, when, as here, maintenance has been waived at permanent orders, whether a request for maintenance "after permanent orders" may be allowed pursuant to § 14–10–114 or any other statute under different circumstances, is beside the point.

It is well settled that once maintenance has been waived, it can no longer be sought in the same or separate proceeding. *In re Marriage of Seewald,* 725 P.2d 1171, 1172 (Colo.App.1986)(maintenance must be sought or it is waived); *In re Marriage of Boyd,* 643 P.2d 804, 805 (Colo.App.1982)(same); *see Hall v. Hall,* 105 Colo. 227, 97 P.2d 415 (1939)(to maintain jurisdiction over maintenance after a final judgment, court must enter an award of maintenance at the time of permanent orders); *In re Marriage of Caufman,* 829 P.2d 501 (Colo.App.1992)(discussing conditions in which court can reserve jurisdiction to change maintenance award); *In re Marriage of Fernstrum,* 820 P.2d 1149 (Colo.App.1991)(discussing practice of awarding nominal maintenance to preserve jurisdiction over the issue).

Furthermore, under principles of law of the case, the conclusions of an appellate court on issues presented to it, as well as rulings logically necessary to sustain such conclusions, become the law of the case and generally must be followed in subsequent proceedings in that case. *See In re Marriage of Burford,* 26 P.3d 550 (Colo.App.2001). Thus, I conclude, the trial court is bound by the division's determination in *Ebel II* that maintenance has been waived. Therefore, the trial court correctly determined that it lacked authority to consider any new request from husband for maintenance.

I would grant wife's request for an award of attorney fees against husband for this appeal. In his appellate briefs, husband's argument is that the Uniform Dissolution of Marriage Act does not preclude a court from hearing a motion for an award of mainte-

nance "where the Decree was silent as to maintenance." He maintains that, because no maintenance was requested at the permanent orders hearing in 1999, "the issue is still viable." He states that the 1999 permanent orders "only [divided] the marital property" and that "maintenance has yet to be determined and has never been waived." Accordingly, he asserts, "since no maintenance was ever awarded, [§ 14–10–114(3), C.R.S.2004] permits a separate proceeding for maintenance at any time after a Dissolution of Marriage." In the procedural posture here, this argument is without substantial justification. *See, e.g., Bilawsky v. Faseehudin*, 916 P.2d 586 (Colo.App.1995)(test for groundlessness assumes a valid legal theory with little or no evidence to support it). Moreover, and most unfortunate, it has perpetuated the duration and expense of this nineteen-year dissolution proceeding.