Ruth ZIMMERMAN, Plaintiff-Appellant,

v.

Joe QUINN, Defendant-Appellee.

No. 82–1603.

United States Court of Appeals,
Tenth Circuit.

Sept. 21, 1984.

Paul R. Caldwell (Robert D. Jesmer, Santa Fe, N.M., with him on briefs), of Caldwell, Lenssen, Mandel & Jesmer, Santa Fe, N.M., for plaintiff-appellant.

Winston Roberts-Hohl of Singleton & Roberts-Hohl, Santa Fe, N.M., for defendant-appellee.

Before LOGAN, Circuit Judge,* and CHILSON, District Judge.**

LOGAN, Circuit Judge.

In this action plaintiff Ruth Zimmerman appeals the district court's order granting defendant Joe Quinn's motion pursuant to Rule 60(b) and modifying a prior consent judgment entered between plaintiff and defendant. The only issue presented is whether the district court erred in modifying the consent judgment under Fed.R. Civ.P. 60(b)(5) and (6).

This diversity action began when plaintiff sued defendant seeking an accounting of income from oil, gas, and mineral leases allegedly held by defendant in constructive trust for plaintiff since 1947. After extensive discovery, the parties entered into a settlement agreement whereby defendant agreed that judgment should be rendered in favor of plaintiff for $112,564.29. In addition, the settlement agreement required defendant to "immediately transfer" to plaintiff a one-third interest in certain oil, gas, and mineral leases that defendant

---

\* Robert H. McWilliams, Circuit Judge, also heard oral argument in this case but thereafter recused himself and did not participate in the decision.

\*\* Honorable Hatfield Chilson, United States District Judge for the District of Colorado, sitting by designation.

held. The parties also agreed that defendant would bear all costs of producing income from the leases as well as any "federal, state, local or other tax liability paid, now owing or subsequently incurred" by defendant "to the date of transfer." On August 15, 1980, the court approved this agreement and entered a consent judgment in accordance with the stipulation for settlement. Both parties agreed to employ the services of a neutral law firm experienced in oil and gas matters to prepare the necessary legal documents to complete this transfer to plaintiff.

Because of difficulties encountered in drafting the necessary documents, the parties did not complete the transfer of the oil and gas interests until early 1982. In light of this delay, a dispute arose between the parties regarding who would bear the tax liability for the year 1981. Defendant filed a Rule 60(b) motion to set aside or modify the judgments. Although the language of the 1980 settlement agreement provided that defendant would bear this expense until the transfer was complete, defendant argued that both parties understood that they could finalize the transfers within thirty days. Therefore, because the court approved the agreement on August 15, 1980, defendant claimed that he should not be held responsible for taxes incurred in the year 1981 due to the delayed transfer. Relying upon Rule 60(b)(5) and (6), the district court vacated that portion of the consent judgment that imposed upon defendant liability for taxes during the calendar year 1981. It is from this order that plaintiff appeals.

■ On appeal, plaintiff argues that the burden upon a party seeking to set aside or modify a consent judgment is greater than that for a nonconsensual litigated judgment. Although these two types of judgments are obtained in differ-

ent ways, this circuit has declared that when the underlying judgment is by consent it "has the same force and effect for 60(b) purposes as a judgment rendered on the merits following trial." *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979).[1] The decision whether to grant relief under Rule 60(b) is a matter addressed to the sound discretion of the trial court. *Wilkin v. Sunbeam Corp.*, 466 F.2d 714, 717 (10th Cir.1972), *cert. denied*, 409 U.S. 1126, 93 S.Ct. 940, 34 L.Ed.2d 258 (1973). The trial court's determination will not be disturbed except for a manifest abuse of discretion. *Chief Freight Lines Co. v. Local Union No. 886*, 514 F.2d 572, 577 (10th Cir.1975). This circuit has required a strong showing, however, before a stipulated judgment may be modified under this rule. *V.T.A., Inc.*, 597 F.2d at 226.

■ The district court amended the consent judgment in reliance upon subsections (5) and (6) of Fed.R.Civ.P. 60(b). The standards set forth in each subsection independently support the district court's judgment. Subsection (b)(5) allows relief from a judgment on the grounds that "it is no longer equitable that the judgment should have prospective application." This standard is based on the historic power of a court of equity to modify its decree in light of changed circumstances. *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2863, at 204 (1973). In the present case, the consent judgment imposed the tax liability on the defendant until the occurrence of a specified event: the conveyance of the oil and gas interests from defendant to plaintiff. The judgment required defendant to "immediately transfer" to plaintiff the interests to which she was entitled. The trial court testimony indicates, as the court found, that both parties expected this transfer to occur within thirty to sixty days from the date of

---

1. Plaintiff also contends that the lower court erred in considering matters outside the "four corners" of the consent judgment, relying on authority interpreting consent decrees in an antitrust context. *See, e.g., United States v. Armour & Co.*, 402 U.S. 673, 682, 91 S.Ct. 1752, 1757, 20 L.Ed.2d 256 (1971). Those cases do not

forbid modification under Rule 60(b). *Id.* at 674–75, 676, 91 S.Ct. at 1753–54, 1754. Consent judgments are indistinguishable from litigated judgments for purposes of Rule 60(b) analysis. Both 60(b)(5) and (b)(6) implicitly contemplate consideration of circumstances beyond the terms of the judgment.

the judgment. Although the court found no misconduct by either party, the conveyances were not completed until almost eighteen months after the entering of the consent judgment. The delay in the preparation of the documents did not postpone plaintiff's enjoyment of the oil and gas proceeds to which she was entitled under the August 15, 1980 consent judgment; she received her share of the income from the leases after the stipulated settlement. Nevertheless, plaintiff attempts to require defendant also to pay the tax liability imposed on this income for 1981. The trial court properly exercised its discretion when it found that defendant made a sufficient showing of changed circumstances to modify the original judgment; this is the type of changed circumstance contemplated by the equitable relief provision in Rule 60(b)(5).

In entering its order modifying the judgment the district court also referred to subsection (b)(6), which provides that relief may be granted for "any other reason justifying relief from the operation of the judgment." This provision permits the lower court to vacate judgment "whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949) (Black, J.). Relief under this standard, like that under subsection (b)(5), is discretionary with the trial court and we will not disturb its ruling in the absence of a clear showing of abuse of discretion. *Security Mutual Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1068 (10th Cir.1980). Plaintiff has shown no abuse of discretion. The district court, after reviewing all the evidence, reasonably could have determined that modifying the original decree which would otherwise impose the 1981 tax liability on the defendant was necessary to accomplish justice. As stated previously, both parties believed that the transfer would occur almost immediately; plaintiff has enjoyed the benefit of the revenues and correspondingly should bear the taxes imposed upon those revenues, at least after a reasonable time lapse for completing the transfers.

We AFFIRM the judgment of the district court. We deny defendant's request for an award of attorneys' fees with respect to the appeal.