F I L E D
United States Court of Appeals
Tenth Circuit

JUL 30 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

CLARENCE JOSEPH EBEL, JR.,
doing business as Haystack Mountain
Golf Course & Driving Range, doing
business as Golf Haystack,

        Debtor.

LOIS J. EBEL,

        Plaintiff-Appellee,

v.

CLARENCE JOSEPH EBEL, JR.,

        Defendant-Appellant,

    and

DENNIS W. KING, Interim Trustee,

        Defendant,

ROBERT KAYNE, E. WARREN
GOSS; W.F. ROBINSON, III,

        Defendants-Intervenors.

No. 96-1190
(D.C. No. 95-K-1860)
(D. Colo.)

In re:

CLARENCE JOSEPH EBEL, JR.,
doing business as Haystack Mountain
Golf Course & Driving Range, doing
business as Golf Haystack,

       Debtor.

_____

LOIS J. EBEL,

       Plaintiff-Appellee,

v.

CLARENCE JOSEPH EBEL, JR.,

       Defendant,

   and

ROBERT KAYNE, E. WARREN
GOSS, W.F. ROBINSON, III,

       Defendants-Intervenors
       - Appellants,

_____

DENNIS W. KING, Interim Trustee,

       Trustee.

No. 96-1210
(D.C. No. 95-K-1860)
(D. Colo.)

-2-

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.[1]

Procedural Background

In 1986, appellee Lois Ebel was granted a divorce from appellant Clarence "Bud" Ebel by the Boulder County District Court ("the Boulder court"). That court retained jurisdiction over the division of the marital property which included a nine-hole golf course, a driving range, an adjoining house, and three

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] The former law firm that represented Mr. Ebel had been allowed to intervene in the bankruptcy proceedings. The intervenors are the appellants in case No. 96-1210; Mr. Ebel is the appellant in case No. 96-1190.

-3-

nearby building lots. The property, which after the divorce was owned by the Ebels as tenants in common, was eventually turned over to a receiver.[2] After much wrangling and attempts by both parties to buy out the interest of the other, a permanent orders hearing to determine the division of property was set by the Boulder court for March of 1990. Before that hearing could be completed, however, Mr. Ebel apparently became ill, and the hearing was rescheduled to June 12, 1990. On June 8, 1990, Mr. Ebel filed a voluntary Chapter 7 bankruptcy petition. Despite having been informed of the bankruptcy filing, the Boulder court, on June 12, 1990, reconvened the property division hearing. Although he had been told that the hearing would continue despite his bankruptcy petition and the resulting automatic stay, Mr. Ebel did not participate in the reconvened hearing. After the hearing, the Boulder court issued findings of fact and conclusions of law awarding the entire marital property to Mrs. Ebel. That order and decree is dated June 14, 1990 ("Boulder court Order").

By motion dated June 18, 1990, Mrs. Ebel petitioned the bankruptcy court for relief from stay. After a hearing, the bankruptcy court, in an order dated July 20, 1990, granted relief from stay "solely for the purpose of permitting the state

_____

[2]     There is confusion over exactly which pieces of the marital property were placed in receivership. Resolution of that issue, however, is not necessary for the disposition of the specific issues presented by these appeals.

-4-

court's Order and Decree dated June 14, 1990 in Boulder County District Court, Case No. 85 DR 1206 to enter" ("July 1990 Order"). Appellant's App. at 62. Mr. Ebel did not challenge this order.

Instead, Mr. Ebel proceeded to appeal the Boulder court Order granting the marital estate to his former wife. That order was affirmed by the Colorado Court of Appeals, which found the distribution to be equitable based on Mr. Ebel's withdrawals of assets from the marital estate. See In re Marriage of Ebel, 874 P.2d 406, 407 (Colo. Ct. App. 1993). In response to Mr. Ebel's argument that the Boulder court Order was unenforceable because it violated the automatic stay, the Colorado Court of Appeals cited the bankruptcy court's July 1990 Order as having lifted the stay, thus obviating any basis for reversing the judgment based on the effect of the stay. The court noted that Mr. Ebel's "concerns as to the bankruptcy court's order are better addressed to that court." Id. at 408. The Colorado Supreme Court denied the petition for certiorari.

While Mr. Ebel's state court appeal was pending, Mrs. Ebel filed a complaint in the bankruptcy court against Mr. Ebel and the trustee seeking an order compelling the defendants to render to her an accounting and to turn over to her "all proceeds received by the Trustee and/or Debtor postpetition from the operation of the Golf Course and from the marital property." Appellant's App. at

66-69. Mrs. Ebel also requested that the stay be lifted allowing her to execute and implement the Boulder court Order.

The bankruptcy court initially denied Mrs. Ebel's motion for summary judgment on this complaint. It concluded that the trustee's interest in the property as a hypothetical judgment lienor, pursuant to 11 U.S.C. § 544(a), was superior to Mrs. Ebel's equitable resulting trust in the property because Mrs. Ebel had filed neither a lien nor notice of lis pendens so as to put the trustee on notice of her claim. The district court reversed, holding that the trustee could not avoid Mrs. Ebel's interest in the property because the presence of the receiver gave the trustee constructive notice of Mrs. Ebel's interest, thus preventing him from acquiring good title from Mr. Ebel. See Ebel v. Ebel (In re Ebel), 144 B.R. 510, 516 (D. Colo. 1992) ("September 1992 Order"). The case was remanded to the bankruptcy court for further proceedings.

For the next two years, the parties engaged in settlement negotiations which ultimately proved unsuccessful. On March 25, 1994, the bankruptcy court issued an order on remand from the district court's September 1992 Order, reversing its prior position and granting Mrs. Ebel's motion for summary judgment on her turnover complaint ("March 1994 Order"). The court reasoned that, even though the Boulder court hearing of June 1990 technically violated the automatic stay provision of 11 U.S.C. § 362, the July 1990 Order of the bankruptcy court had in

-6-

reality "ratified" the state court action and effectively adopted the state court order as an order of the bankruptcy court. Thus, the Boulder court's decision regarding Mrs. Ebel's interest in the property was now given retroactive effect in the bankruptcy proceeding.

The trustee moved for reconsideration, arguing due process concerns and concerns regarding the disposition of the three building lots and other appurtenances to the golf course that were not specifically addressed in the Boulder court Order. After a hearing, the bankruptcy court again changed course, finding that the action of the Boulder court in awarding the marital property to Mrs. Ebel had indeed been invalid because it was taken in violation of the automatic stay. See Appellant's App. at 265-66 ("June 1994 Order"). The order further found that "the property division order, made without [Mr. Ebel's] participation, raises due process concerns." Id. at 265. Citing the district court's conclusion in its September 1992 Order that the trustee could not avoid Mrs. Ebel's interest in the golf course property and this court's opinions in Calder v. Job (In re Calder), 907 F.2d 953 (10th Cir. 1990), and Ellis v. Consolidated Diesel Electric Corp., 894 F.2d 371 (10th Cir. 1990), the bankruptcy court concluded that the Boulder court Order was void. The stay was then modified to permit the parties to return to state court to relitigate the property issues addressed in the June 1990 Boulder court hearing.

As an additional part of the June 1994 Order, the bankruptcy court determined that the district court's September 1992 Order applied only to the golf course and the residence because they were the only portions of the marital property subject to receivership. The court concluded, therefore, that the trustee could avoid Mrs. Ebel's interest in the three building lots and could pursue their liquidation. The court stated: "the parties may resolve their ownership disputes regarding the proceeds based upon the adjudication of the division of marital property." Appellant's App. at 266. Finally, the bankruptcy court amended its March 1994 Order to deny Mrs. Ebel summary judgment as to the golf course property and to grant summary judgment to the trustee as to the three building lots. The June 1994 Order was filed on June 10, 1994.

Under Bankruptcy Rule 9023, making Fed. R. Civ. P. 59 applicable (with certain exceptions not relevant here) to cases in bankruptcy, Mrs. Ebel had ten days within which to file a motion to alter or amend the June 1994 Order. According to Mrs. Ebel's attorney, however, she did not receive a copy of the order until 4:30 p.m. on June 20 via fax. The attorney immediately filed a motion for additional time to file her "motion to reconsider" the June 1994 Order. On June 22, 1994, the bankruptcy court granted Mrs. Ebel's motion for additional

time.  Her motion to reconsider is dated June 30, 1994 and relies on Fed. R. Civ. P. 59(e) as the basis for relief.[3]

In granting Mrs. Ebel's motion to reconsider, which it treated as a Rule 59(e) motion, the bankruptcy court once again changed direction.  On August 9, 1994, the court issued an order which revisited the arguments advanced in prior proceedings, vacated the June 1994 Order, and reinstated the order of March 1994.  In so doing, the court concluded that, because Mr. Ebel had pursued an appeal of the state court property judgment through the state appellate system, he had, indeed, received full due process.  The court further reiterated its intent to adopt, as orders of the bankruptcy court, the permanent orders issued by the Boulder court in June of 1990 ("August 1994 Order").

Both the trustee and Mr. Ebel appealed.  The district court, aware that the bankruptcy court had no authority to extend the time for filing Mrs. Ebel's Rule 59(e) motion, see Collard v. United States, 10 F.3d 718, 719 (10th Cir. 1993);

---

[3]    Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  A "motion to reconsider" is not among the motions recognized by the Federal Rules of Civil Procedure.  A motion filed within ten days of the entry of judgment will ordinarily be treated as a Rule 59(e) motion.  Motions served after that time are construed as Rule 60(b) motions.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  It is immaterial that the party filing the motion has attached a particular label to it.  See Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703 (10th Cir. 1988).  The timing of the motion determines its character.

Bankr. R. 9006(b)(2); Bankr. R. 9023, dismissed the appeal without prejudice and remanded it to the bankruptcy court to determine whether its August 1994 Order should be vacated for lack of jurisdiction.

Acknowledging that it could not treat Mrs. Ebel's motion as a Rule 59(e) motion, the bankruptcy court proceeded to consider whether Mrs. Ebel was eligible for relief under Rule 60(b). Concluding that she had satisfied the requirements for relief under both 60(b)5 and 60(b)6,[4] the bankruptcy court, in an order dated July 14, 1995, reaffirmed its August 1994 Order. In so doing, the court also determined that its previous ruling granting summary judgment to the trustee on the issue of possession of the building lots was "premature" because there had been no motion for summary judgment by the trustee, Mr. Ebel, or the

---

[4]    Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

intervenors pending at the time the court granted summary judgment on the lots. Mr. Ebel and the intervenors appealed the July 14, 1995 order to the district court.

The district court affirmed, holding that the bankruptcy court had not erred in failing to dismiss the Rule 59(e) motion as untimely and that it was proper for the court to treat the motion as one under Rule 60(b). The district court did not specifically address Mr. Ebel's argument that the grant of relief under Rule 60(b) was an abuse of discretion. Instead, the district court addressed the merits and rejected Mr. Ebel's argument that, in March 1994, by suddenly characterizing the June 1990 Order as a ratification of the Boulder court's property division without notice to him, the bankruptcy court denied him due process. It also rejected Mr. Ebel's contention that the ratification was void because it violated the automatic stay. It is this district court order, affirming the July 14, 1995 order of the bankruptcy court, which is the subject of this appeal.

On appeal, Mr. Ebel argues that the bankruptcy court abused its discretion in granting Mrs. Ebel relief under Rule 60(b); that neither the bankruptcy court nor the parties intended at the time of the June 1990 Order to give retroactive effect to the Boulder court Order, and, alternatively, that the grant of such retroactive relief from stay was an abuse of discretion. The intervenors urge similar arguments.

## Rule 60(b) Ruling

We begin by noting that the bankruptcy court was required to construe Mrs. Ebel's motion for reconsideration, filed beyond the ten-day limit for filing a Rule 59(e) motion, as one for relief under Rule 60(b).[5]  See Van Skiver, 952 F.2d at 1243.  Rule 60(b) gives courts a "grand reservoir of equitable power to do justice in a particular case."  State Bank of Southern Utah v. Gledhill (In re Gledhill), 76 F.3d 1070, 1080 (10th Cir. 1996) (quotations omitted).  Under the rule, federal courts have "broad authority to relieve a party from a final judgment 'upon such terms as are just . . . for . . . any other reason justifying relief from the operation of the judgment.'"  Id. (quoting Fed. R. Civ. P. 60(b)(6)).  Such relief may be granted only in "extraordinary circumstances and only when such action is necessary to accomplish justice."  Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 729 (10th Cir. 1993) (quotation omitted).

Our review of the court's grant of Rule 60(b) relief is for abuse of discretion, see In re Gledhill, 76 F.3d at 1080, however, a "'district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'"  Lyons, 994 F.2d at

---

[5]      With some modifications not relevant here, Rule 60(b) is made applicable to the bankruptcy courts pursuant to Bankr. R. 9024.

727 (quoting <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990)).[6] To the extent the bankruptcy court based its ruling on discretionary factors, we review for abuse of discretion; to the extent its ruling was based on its findings of fact and conclusions of law, however, we apply the traditional review reserved for those determinations -- clearly erroneous for the findings of fact and de novo for the legal conclusions. See <u>Lyons</u>, 994 F.2d at 727.

Apart from the standard of review discussed above, we must also be concerned with the proper scope of review. It is clear that review of the *denial* of a Rule 60(b) motion is confined only to review of the order of denial and does not extend to review of the underlying judgment itself. See <u>Van Skiver</u>, 952 F.2d at 1243. Similarly, our cases reviewing the *grant* of Rule 60(b) relief have involved review of the order granting such relief and the bases therefore and not of the merits of the underlying judgment. See, e.g., <u>Gledhill</u>, 76 F.3d 1070; <u>Orner v.</u>

---

[6]    We have recently examined the circumstances under which an order granting relief under Rule 60(b) (as opposed to one denying such relief) will be a final decision within the meaning of 28 U.S.C. § 1291 or otherwise appealable under generally applicable rules governing appellate jurisdiction. See <u>Stubblefield v. Windsor Capital Group</u>, 74 F.3d 990, 995-97 (10th Cir. 1996) (holding that an order granting Rule 60(b) relief to void a settlement agreement which also vacated a judgment and scheduled both a settlement conference and a jury trial was not final for purposes of appeal). In contrast to <u>Stubblefield</u>, however, the order of the bankruptcy court here granting Rule 60(b) relief reinstated its order of March 25, 1994 granting summary judgment to Mrs. Ebel, thus effectively ending the litigation on the merits and leaving nothing more for the court to do but execute the judgment. The order granting Rule 60(b) relief under these circumstances, therefore, is final and appealable.

Shalala, 30 F.3d 1307 (10th Cir. 1994); Oklahoma Radio Assocs. v. FDIC, 987 F.2d 685 (10th Cir. 1993); Zimmerman v. Quinn, 744 F.2d 81 (10th Cir. 1984). Thus, because this case is an appeal from a ruling on a Rule 60(b) motion, our review is limited to the propriety of that grant of relief and, as part of the Rule 60(b) analysis, will not extend to the merits of the underlying judgment.

Relief under Rule 60(b) is extraordinary and should only be granted under exceptional circumstances. See United States v. 31.63 Acres of Land, 840 F.2d 760, 761 (10th Cir. 1988). Although the bankruptcy court specifically cited grounds under Rule 60(b)(5) and 60(b)(6) to support its grant of relief, "there is no need to pinpoint which clause of Rule 60(b) is the basis for the decision below where a timely motion is being reviewed." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1145 (10th Cir. 1990). Instead, we examine the record as a whole to determine the propriety of the court's judgment. See id.

It is improper for a court to grant relief under Rule 60(b) if, in doing so, the court simply revisits arguments which had already been raised and dismissed. See Van Skiver, 952 F.2d at 1244. Nor is it proper to "advance[] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed." Id. at 1243 (quotation omitted). In her motion to reconsider, Mrs. Ebel revisited issues which had already been considered and ruled on by the court. She argued the status of the building lots and the effect of

-14-

the stay on the Boulder court order. These issues had clearly been decided in the June 1994 Order. Revisiting issues already addressed is not the purpose of Rule 60(b), see id., and the bankruptcy court abused its discretion in granting relief on that basis.

In addition to grounds already decided by the court, Mrs. Ebel argued in her motion to reconsider that the bankruptcy court's June 1994 remand to state court for purposes of dividing the marital estate was erroneous because the state court proceeding had long since closed. She also urged the bankruptcy court to "abstain" on the issues regarding marital property as an exercise in comity. Mrs. Ebel can qualify for Rule 60(b) relief by demonstrating one or more of the six grounds for such relief specified in the Rule. None of the grounds enumerated in her motion to reconsider, however, fit any of the Rule 60(b) categories nor do they constitute the exceptional circumstances required.

To the extent that these arguments attempt to point out mistakes of law, Rule 60(b)(1) provides an avenue for relief under these circumstances only for "obvious errors of law, apparent on the record." Id. at 1244. These issues do not involve any facially obvious legal errors. Arguments that the court misapplied the law or misunderstood the movant's position are properly brought under Rule 59(e) but cannot be the basis for relief under Rule 60(b). See id.

-15-

To the extent that the cessation of the state court proceedings is cited as a "changed circumstance," we note below that there are other avenues available to decide the fate of the marital estate aside from returning the issues to the Colorado courts. The fact that the Ebel dissolution matter is closed in the Colorado system is not a sufficiently exceptional circumstance justifying Rule 60(b) relief.

Even in the broader picture of this case, it is clear that, in granting Rule 60(b) relief to Mrs. Ebel, the bankruptcy court merely revisited old ground. As noted above, after entering his March 1994 Order giving relief to Mrs. Ebel, the bankruptcy court changed course and reversed itself in the June 1994 Order. After the submission of Mrs. Ebel's motion to reconsider, which the bankruptcy court mistakenly treated as a Rule 59(e) motion, the court entered its August 1994 Order, changing course yet again and returning to a position of the March 1994 Order granting relief to Mrs. Ebel. This August 1994 Order was characterized by the district court as "revisit[ing] arguments" which formed the basis for the June 1994 Order. Among the issues revisited were the effect of the automatic stay on the Boulder court order and the general due process issues.

After the district court remanded the August 1994 Order because of the improper extension of time under Rule 59(e), the bankruptcy court, in an order dated July 14, 1995, simply reaffirmed its August 1994 Order, but this time under

the auspices of Rule 60(b).  Thus, because it merely revisited arguments already rejected, the bankruptcy court abused its discretion in granting Rule 60(b) relief to Mrs. Ebel under the circumstances.[7]

### Application of Rule 59(e)

If Mrs. Ebel's motion to reconsider had been timely under Rule 59(e), she could properly have urged her arguments that the law had been misapplied and her position misunderstood.  See id.  An appeal from a ruling on a Rule 59(e) motion would also have raised the bankruptcy court's underlying judgment for review by this court.  See id. at 1243 n.3.  In order to avoid the constrictions of Rule 60, Mrs. Ebel, citing Thompson v. Immigration & Naturalization Service, 375 U.S. 384 (1964), and Stauber v. Kieser, 810 F.2d 1 (10th Cir. 1982), argues that unique circumstances exist to justify her tardy Rule 59(e) motion.  She particularly emphasizes the late receipt of notice from the court of the filing of the June 1994 Order (apparently due to insufficient postage) and the bankruptcy court's later erroneous grant of an extension of time to file her Rule 59(e) motion.

This case presents the issue we recently identified in Home & Family, Inc. v. England Resources Corp. (In re Home & Family, Inc.), 85 F.3d 478 (10th Cir. 1996):  whether "parties represented by counsel may reasonably rely on an order

---

[7]     Mrs. Ebel's assertion that this issue was not raised in the district court is incorrect.  See Opening Br. in Appeal of Adversary Proceeding No. 91-1158-DEC, United States Bankruptcy Court for the District of Colorado at 11.

-17-

entered in excess of a court's jurisdiction" to excuse an untimely Rule 59(e)

filing. See id. at 480-81. Again, however, we will defer resolution of that issue

because of "our duty to refrain from rendering opinions on abstract propositions,

or to declare principles or rules of law which cannot affect the matter in issue in

the case before us." Id. at 481 (quotations omitted). Even if we were to agree

that unique circumstances exist here to overlook the untimeliness of the purported

Rule 59(e) motion, our review of the merits of the underlying bankruptcy court

order would compel us to reverse the district court's affirmance of the relief

granted Mrs. Ebel.

Instructions on Remand

As part of their prayer for relief on appeal, intervenors request this court to

remand with instruction "to either conduct a hearing on the merits to fix the

respective marital property interests of the debtor and of his former wife in the

golf course and driving range as a 'related proceeding' under 28 U.S.C.

§ 1471(b), or to deflect jurisdiction to the state divorce court for that

determination." Intervenors' Opening Br. at 13.

While we note that 28 U.S.C. § 1471 has never become law, see Historical

and Statutory Notes to Title 28, U.S.C., Chapter 90, § 157 of that title details

ways in which non-core, related proceedings such as this one may be decided.

The district court and the bankruptcy court have options open to them of which we are sure they are aware. See Lawrence P. King, Collier on Bankruptcy ¶ 3.03[1] (15th ed. rev'd. 1997). While Mrs. Ebel urges that the decision of the district court should be affirmed because, among other reasons, the state court proceedings have been closed, it appears from the briefs that there may exist a mechanism under the Colorado version of Fed. R. Civ. P. 60 to reopen the state case for purposes of the property division hearing. We do not take a position on which avenue of decision is the appropriate one. We leave it to the district court and/or the bankruptcy court on remand to determine the most efficient means by which to resolve this case.

We note the inordinate amount of time and expense incurred by the parties in this case. At least for purposes of this portion of the saga, much of the effort incurred by Mrs. Ebel could have been avoided if she had petitioned for relief from stay before continuing with the property division proceedings in the Boulder court. While we agree with the bankruptcy court that, on remand, the property division may well be resolved exactly as it had been by the Boulder court in 1990, that suspicion does not justify allowing the proceedings to go forth in derogation of the automatic stay rights of Mr. Ebel.

The judgment of the United States District Court for the District of Colorado is REVERSED, and this case is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

Michael R. Murphy
Circuit Judge