**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 2005**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re CLARENCE J. EBEL, Jr.,
d/b/a HAYSTACK MOUNTAIN
GOLF COURSE AND DRIVING
RANGE, d/b/a/ GOLF
HAYSTACK,

       Debtor,

LOIS J. EBEL,

       Plaintiff-Appellee,

   v.

CLARENCE JOSEPH EBEL JR.,

       Defendant-Appellant,

DENNIS KING,

       Defendant,

and

ROBERT KAYNE, E. WARREN
GOSS, and W.F. ROBINSON, III,

       Intervenors-
       Defendants

No. 04-1277
(D. Colorado)
(D.C. No. 03-K-633)

**ORDER AND JUDGMENT**[*]

Before **HENRY, MURPHY, and MCCONNELL**, Circuit Judges.[1]

Clarence Joseph Ebel, Jr., appeals the district court's order affirming the bankruptcy court's application of the Rooker-Feldman doctrine. The district court concluded that the bankruptcy court lacked jurisdiction to review a Colorado state court's ruling in a divorce case. We agree and therefore affirm the district court's decision.

## I. BACKGROUND

The epic facts of this dispute are well known to the parties and are set forth in numerous court orders, including our prior order and judgment in this case. See In re Ebel, No. 96-1190, 1997 WL 428574 (10th Cir. July 31, 1997). Thus, we only briefly summarize them here.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In 1986, the District Court for Boulder County, Colorado granted Mrs. Ebel a divorce from Mr. Ebel. Before the Boulder County court divided the marital property, Mr. Ebel filed bankruptcy. Despite the bankruptcy filing, the Boulder County court proceeded with the division of marital property.

The Ebels then spent years in state court and bankruptcy court litigating issues relating to the property division. Eventually, this court concluded that the Boulder County court had acted improperly in proceeding with the property division after Mr. Ebel filed bankruptcy. See id. We therefore remanded the case to the bankruptcy court. In turn, that court granted relief from the automatic stay to allow the Boulder County court to proceed with a second division of property.

The Boulder County court then awarded the entire marital estate to Mrs. Ebel, concluding that Mr. Ebel had "dissipated marital assets by reducing the marital estate by hundreds of thousands of dollars of attorney fees and receiver fees and that the marital property was subject to over $ 4 million in tax liens." See Aplt's App. at 109 (In re Ebel, No. 00CA0170 (Colo. Ct. App. Feb. 14, 2002)) (unpublished disposition discussing the Boulder County court's ruling). Thus, Mr. Ebel had "wasted the marital estate by more than the half to which he ordinarily would have been entitled." Id. at 110. Mr. Ebel appealed to the Colorado Court of Appeals, arguing in part that the Boulder County court had erred in relying on an alleged stipulation to the value of a golf course, the major

asset of the estate. The Colorado Court of Appeals rejected Mr. Ebel's argument and affirmed the Boulder County court's order dividing the property. The Colorado Supreme Court denied certiorari.

Mr. Ebel then filed the motion at issue in this appeal, arguing that the Boulder County court's order dividing the property should be vacated because the court relied on a void stipulation and violated his due process rights. The bankruptcy court denied the motion, and the federal district court affirmed that ruling. Both courts reasoned that Mr. Ebel's challenge to the state court order was barred by the Rooker-Feldman doctrine.

## II. DISCUSSION

In this appeal, Mr. Ebel argues that the bankruptcy court and the district court erred in applying the Rooker-Feldman doctrine. According to Mr. Ebel, the bankruptcy court retained jurisdiction over the division of marital property because the Boulder County court violated the automatic stay effected by the filing of the bankruptcy case. The application of the Rooker- Feldman doctrine presents a legal question, and we thus engage in de novo review. See Guttman v. Khalsa, 401 F.3d 1170, 1172 (10th Cir. 2005).

Under the Rooker-Feldman doctrine, the federal courts lack subject matter jurisdiction to hear appeals from final judgments of state courts or to adjudicate

-4-

claims that are inextricably intertwined with those judgments. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462, 486-87 (1983). The Rooker-Feldman doctrine has been applied to cases involving a bankruptcy court's granting relief from the automatic stay to allow a state court case to proceed. See In re Reitnauer, 152 F.3d 341, 344 (5th Cir. 1998) (holding that after a bankruptcy court partially lifted the automatic stay to allow state court proceedings to continue, the federal district court "violated the letter of the Rooker-Feldman doctrine by sitting in appellate review of the state court judgment"); see also In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997) ("The bankruptcy court is also prohibited from reviewing the state court's judgment by the Rooker-Feldman doctrine, which prohibits lower federal courts from sitting as effective courts of appeal for state court judgments.").

Nevertheless, the bankruptcy courts retain jurisdiction to review compliance with the automatic stay. As the Ninth Circuit has reasoned, "the Rooker-Feldman doctrine is not implicated by collateral challenges to the automatic stay in bankruptcy." In re Gruntz, 202 F.3d 1074, 1083 (9th Cir. 1999). "A bankruptcy court simply does not conduct an improper appellate review of a state court when it enforces an automatic stay that issues from its own federal statutory authority." Id.

Here, there is no indication that the Boulder County court violated the automatic stay.  Indeed, when the bankruptcy court remanded the case to the Boulder County court, it granted relief from the stay to allow that court to divide the marital property.

Moreover, as Mrs. Ebel notes here, the issue that Mr. Ebel now seeks to raise was fully litigated in the state court proceedings.  See Aplt's App. at 107-143.  The Rooker-Feldman doctrine bars such federal court challenges to state court rulings, and the bankruptcy court was thus without jurisdiction to hear further disputes on this matter.


### III.  CONCLUSION

Accordingly, we AFFIRM the district court's decision.


Entered for the Court


Robert H. Henry
Circuit Judge